UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RICHARD NOVAK,

        Plaintiff,

v.

SAYBROOK BUICK GMC, INC.,

        Defendant.

Civil Action No.
3: 18-cv-00948 (CSH)

July 24, 2018

**RULING ON PLAINTIFF'S MOTION TO REMAND [Doc. 7]**

**HAIGHT, Senior District Judge:**

Plaintiff Richard Novak ("Plaintiff") filed this state-law wrongful termination action in the Superior Court of Connecticut against Defendant Saybrook Buick GMC ("Defendant"). Defendant removed the case to federal court on the basis of diversity jurisdiction. Plaintiff has now moved to remand the matter to state court. This Ruling resolves the motion.

**I. BACKGROUND**

Plaintiff filed the original state court complaint in May of 2018.[1] On June 6, 2018, Defendant removed the case to federal court, pursuant to 28 U.S.C. § 1441. *See* Doc. 1 at 6-8. Defendant asserts that, "[b]ecause complete diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b)." *Id.* at 8.

---

[1] Removing Defendant represents that the Complaint was filed "on or about May 29, 2018," and that Defendant was served on May 11, 2018. Doc. 1 at 6. The state court complaint and summons are dated May 7, 2018. *See* Doc. 1 at 11, 12. The exact dates of filing and service are not material to this Court's ruling on remand.

1

Plaintiff filed a Motion to Remand [Doc. 7], asserting that removal was improper under the so-called "forum defendant rule," 28 U.S.C. § 1441(b)(2), and seeking to have this case remanded to state court. Plaintiff's pending Motion further asks this Court for an award of attorney fees, pursuant to 28 U.S.C. § 1447(c). The deadline for Defendant's opposition or other response to that motion has expired, and Defendant has filed no papers in response.

Defendant now moves the Court for an "extension of time to plead," a motion apparently (and quixotically) directed at Defendant's response deadline as to Plaintiff's state court Complaint. *See* Doc. 13.

## II. **DISCUSSION**

**A. Propriety of Remand**

Diversity jurisdiction, the alleged basis for federal jurisdiction in this matter, exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." 28 U.S.C. § 1332(a). For the purposes of §§ 1332 & 1441 (the removal statute), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.A. § 1332(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action that has been brought in state court may instead choose to litigate in federal court, if the complaint is one over which the federal court has original jurisdiction. Defendant's Notice of Removal [Doc. 1], asserted, as sole basis of federal jurisdiction, diversity under the terms of § 1332:

> Here, Novak is a Rhode Island resident and Saybrook Buick is a Connecticut corporation with a principle place of business in Connecticut. Therefore, complete diversity exists among the parties,

2

> both at the time the state court action was filed and at the time of
> removal to this Court.
>
> . . . .
>
> Upon faith and belief, the amount in controversy exceeds $75,000
>
> . . . .
>
> Because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

Doc. 1 at 7-8.

Plaintiff moves for remand on the basis of the forum defendant rule. *See* Doc. 7 ¶¶ 4-5. The forum defendant rule, codified at § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See, e.g., In re Repository Techs., Inc.*, 601 F.3d 710, 722 (7th Cir. 2010) ("Because Nelson sued Welch and his firm in their home state of Illinois, the defendants could not remove Nelson's state-law claims under § 1441 even though the parties were diverse."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) ("As the district court found, under 28 U.S.C. § 1441(b), Simithis's New York citizenship barred him from invoking diversity jurisdiction to remove this case to the Southern District."); *Speranza v. Leonard*, 925 F. Supp. 2d 266, 272 (D. Conn. 2013) ("The Defendant Stewart Leonard, Sr. is a resident of Connecticut, the state in which this action was brought. Thus, removal to this Court based on diversity of citizenship is improper.").

Defendant, as noted *supra*, has not opposed this motion for remand. Nor has any party to this action suggested that Defendant is *not* a Connecticut citizen, the only circumstance which would

avoid the application of the forum defendant rule.[2] For these reasons, I conclude that removal of this case is barred by 28 U.S.C. § 1441(b)(2). Accordingly, Plaintiff's request for remand is GRANTED, and this case shall be remanded to the Connecticut Superior Court, Judicial District of Middlesex at Middletown, where it was commenced.

**B. Costs and Fees**

Plaintiff further requests an award of costs and attorney fees. *See* Doc. 7 ¶¶ 6-7. Like the Motion for Remand to which this request is appended, the motion for award of fees is unopposed.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005).

The forum defendant rule is a "long-established rule[] of federal jurisdiction," and "has been in place since at least 1948." *Value Health Care Servs., LLC v. PARCC Health Care, Inc.*, No. 3:11-CV-523 JCH, 2011 WL 2417106, at *3 (D. Conn. June 13, 2011) (Hall, J.) (citing Pub. L. No. 80-773, § 1441, 62 Stat. 869, 937-38 (1948)). In these circumstances, "[a] competent attorney, after reasonable inquiry into applicable law and the facts and procedural history of this case would have

---

[2] Some courts, including the Second Circuit, have held that the forum defendant rule's bar on removal may be waived, if no motion for remand is filed. *See, e.g., Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 50 n. 2 (2d Cir. 2000) ("Because Kronman was a citizen of New York, he was not entitled to remove to federal court. Handelsman waived his right to object to this procedural defect, however, by failing to raise the objection within 30 days of removal." (Citation omitted)). As, here, Plaintiff *has* objected to the removal within the specified time, waiver is not at issue.

known that there was no justification whatever for removal of this action." *Id.* at *4 (quoting *Four Keys Leasing*, 849 F.2d at 774). District courts have, consequently, awarded fees to plaintiffs who successfully challenge removal on the basis of the forum defendant rule. *See, e.g., Abadi v. Best Meridian Ins. Co.*, No. 1422798CIV, 2015 WL 4999643, at *3 (S.D. Fla. Aug. 24, 2015) ("it was not objectively reasonable for BMIC to remove this action in violation of the forum defendant rule") (collecting cases); *Sec. Nat. Life Ins. Co. v. Wegesend*, No. CIV. 14-00417 LEK, 2014 WL 6686511, at *3 (D. Haw. Nov. 25, 2014) ("under the facts of the case, there was no objectively reasonable basis for removal since the forum defendant rule expressed in 28 U.S.C. § 1441(b) clearly applied to this action" (internal quotation marks omitted)); *Value Health Care*, 2011 WL 2417106 at *4 ("Because the defendants' removal of the case to this court was barred by clearly established precedent, the court finds that the defendants lacked an objectively reasonable basis for removal."); *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1023 (W.D. Wis. 2006) ("defendants' removal was contrary to settled law. Accordingly, an award of attorneys' fees under 28 U.S.C. § 1447(c) is appropriate. Defendants . . . are both citizens of the State of Wisconsin. As such, the forum defendant rule . . . clearly applied").

For the foregoing reasons, I hold that where Defendant, whose corporate citizenship in Connecticut is undisputed (and indeed proffered as grounds for removal, *see* Doc. 1 at 7), removed this case in clear violation of the forum defendant rule, 28 U.S.C. § 1441(b), there was no "objectively reasonable basis for seeking removal," *Martin*, 546 U.S. at 141, and a discretionary award of attorney fees and costs is therefore appropriate.

Accordingly, Plaintiff may, if he wishes to press his claim, submit a quantified claim in the proper form. "Proper form" requires that Plaintiff's attorney comply fully with the Second Circuit's

5

detailed instructions in *New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir 1983). *Carey*, requires, *inter alia*, the provision of documentation including contemporaneous records "for each attorney, the date, the hours expended, and the nature of the work done." *Id*. Plaintiff should also note that the Court is required to conduct a "'lodestar' analysis, which calculates reasonable attorneys' fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014).

Plaintiff's claim should be limited, as was his prayer for such relief, to those costs and fees "incurred in procuring an order of remand." Doc. 7. at 3. If Plaintiff decides to press such a claim, it must be submitted not later than **August 23, 2018**, and will then be subject to further submissions in response by Defendant.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. 7] is GRANTED. Defendant's Motion for Extension of Time to Plead [Doc. 13] is therefore DENIED AS MOOT.

Further, for the reasons set forth herein, this Court GRANTS Plaintiff's motion to recover from Defendant its costs and reasonable attorneys' fees, incurred in procuring an order of remand. The Parties shall make submissions with respect to costs as directed. This Court shall retain jurisdiction over the Parties solely for the purpose of setting the amount of costs and attorneys' fees if submitted by Plaintiff. This case shall be remanded forthwith to the Connecticut Superior Court, Judicial District of Middlesex at Middletown. The Clerk of the Court is directed to close this case, without prejudice to reopening if Plaintiff submits an application for attorney's fees and costs in proper form.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       July 24, 2018

                                    */s/ Charles S. Haight, Jr.*
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge