RICHARD NOVAK,

           Plaintiff,

v.

SAYBROOK BUICK GMC, INC.,

           Defendant.

Civil Action No.
3: 18-cv-00948 (CSH)

**January 8, 2019**

## ORDER REGARDING ATTORNEY'S FEES

**HAIGHT, Senior District Judge:**

Plaintiff Richard Novak filed this state-law wrongful termination action in the Superior Court of Connecticut against Defendant Saybrook Buick GMC. Defendant removed the case to federal court on the basis of diversity jurisdiction, but Plaintiff then moved to remand the matter back to state court. The Court granted his unopposed motion. Doc. 14. In this Ruling, the Court also held that "where Defendant . . . removed this case in clear violation of the forum defendant rule, 28 U.S.C. § 1441(b), there was no 'objectively reasonable basis for seeking removal,' and a discretionary award of attorney fees and costs is therefore appropriate." *Id.* at 5 (citation omitted).

Plaintiff has now submitted a quantified claim, also unopposed, in compliance with the Second Circuit's detailed instructions in *New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). This Order directs Defendant to award Plaintiff the amount requested.

The Court must conduct a "'lodestar' analysis, which calculates reasonable attorney's fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014). *See also, e.g., Stanczyk v. City of*

1

*New York*, 752 F.3d 273, 284 (2d Cir. 2014) ("In calculating attorney's fees, the district court must first determine the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee.'") (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). In general, the "lodestar looks to the prevailing market rates in the relevant community." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). When calculated in this manner, such fees are presumptively reasonable, and generally only subject to enhancements in "rare" and "exceptional" circumstances. *Id*. at 551–54.

As to the applicable hourly rate, the court "retains discretion to determine what constitutes a reasonable fee" by attorneys. *Parris v. Pappas*, 844 F. Supp. 2d 262, 265 (D. Conn. 2012) (quoting *Millea*, 658 F.3d at 166) (ellipsis omitted). "[A] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation" of a particular kind of case. *Parris,* 844 F. Supp. 2d at 266 (quoting *Perdue*, 559 U.S. at 552). *See also Parrish v. Sollecito*, 280 F. Supp. 2d 145, 169–70 (S.D.N.Y. 2003) ("A reasonable starting point for determining the hourly rate for purposes of a lodestar calculation is the attorney's customary rate.") (collecting cases).

In calculating the reasonable hourly rate, the court also examines such factors as the level of experience of an attorney and nature of the case in assessing reasonableness of his or her fee. *Id.* at 266–67 (holding $275 per hour "a reasonable rate for an attorney with more than eleven years of legal experience" and "$200 per hour" a "reasonable rate for an attorney with four years of experience"). *See also Sony Elecs., Inc. v. Soundview Techs.*, *Inc.*, 389 F. Supp. 2d 443, 447 (D. Conn. 2005) ("The 'lodestar' figure should be in line with those [rates] prevailing in the community for similar services by *lawyers of reasonably comparable skill, experience, and reputation*.") (citation and internal quotation marks omitted) (emphasis added).

The Court further considers the number of hours for which fees will be awarded to decide whether the time was "usefully and reasonably expended" by counsel. *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). *See also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("The court should include the number of hours claimed by plaintiffs' attorneys that are supported by time records" and "that are not excessive or duplicative.").

Lastly, once the court has determined a "presumptively reasonable fee, the final step in the fee determination is to inquire whether an upward or downward adjustment is required." *Parris*, 844 F. Supp. 2d at 270. In evaluating whether a fee award should be adjusted, the Supreme Court has held that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

In sum, the court employs the lodestar approach and determines a "presumptively reasonable fee" by engaging in a "four-step process":

> "[T]he court must: (1) determine the reasonable hourly rate; (2) determine the number of hours reasonably expended; (3) multiply the two to calculate the presumptively reasonable fee; and (4) make any appropriate adjustments to arrive at the final fee award."

*Parris*, 844 F. Supp. 2d at 266 (quoting *Adorno v. Port Auth. of New York & New Jersey*, 685 F. Supp. 2d 507, 511 (S.D.N.Y. 2010)).

Plaintiff's counsel submits his claim for an award of attorney's fees in the amount of $750, based upon 2.5 billed hours at a rate of $300 per hour. Doc. 16 ¶¶ 3–5. Plaintiff notes that this is the same rate counsel was awarded by this Court in December 2017. *Id.* ¶ 5 (citing *Kennedy v.*

3

*Supreme Forest Prod., Inc.*, 295 F. Supp. 3d 113, 125 (D. Conn. 2017). Judge Meyer of this Court settled on this rate based on a survey of rates prevailing in the district of Connecticut for attorneys with similar experiences and accomplishments. *Kennedy*, 295 F. Supp. 3d at 125. Seeing no reason to depart from this decision, I also conclude that an hourly rate of $300 is reasonable.

Plaintiff has submitted a contemporaneous record of billed tasks related to preparing the motion for remand in this action. Doc. 16-1 at 3. The amount of time spent on these tasks, 2.5 hours, appears reasonable. Based on a $300 hourly rate for 2.5 billed hours, the Court agrees that the total lodestar is $750. In addition, seeing no opposition by Defendant, the Court does not find any reason to adjust this calculation. Accordingly, for the foregoing reasons, Defendant is directed to pay Plaintiff for attorney's fees in the amount of $750.

It is SO ORDERED.

Dated: New Haven, Connecticut
January 8, 2019

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge